IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROBERT CARNIE

      Plaintiff,

v.

JIMMY CHAPPELL; KENNETH H. MALDONADO-LOPEZ; and LAND AIR EXPRESS, INC., a Kentucky foreign corporation

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, Robert Carnie, by and through his attorneys, Anderson Hemmat, LLC, and for his Complaint and Jury Demand against Defendants, states and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. Plaintiff is an individual who is a resident and domiciliary of the city of San Antonio, State of Texas.

2. Defendant Jimmy Chappell (hereinafter referred to as "Defendant Chappell") is a resident and domiciliary of the City of Paris, State of Texas with an address of 3131 Margaret, Paris, Texas 75460.

3. Defendant Kenneth H. Maldonado-Lopez (hereinafter referred to as "Defendant Lopez") is a resident and domiciliary of the City of Arlington, State of Texas with an address of 325 McMurtry Drive, Arlington, Texas 76002.

4.     Defendant Land Air Express, Inc., a Kentucky foreign corporation (hereinafter referred to as "Defendant Land") is a for profit corporation organized under the laws of the State of Kentucky and actively doing business in the State of Colorado.

5.     The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

6.     On December 23, 2020, Defendant's individually or collectively caused a multiple vehicle crash on Highway 40 at mile point 432 in the County of Cheyenne, State of Colorado.

7.     Plaintiff sustained injuries including, but not limited to fracture and collapse of multiple ribs on the right side, fracture of right sided ribs 2 -9 requiring surgical plates and screws implanted into ribs 4-7, fracture of the right scapula, fracture of the shaft of the right clavicle resulting in three surgeries, traumatic pneumohemothorax and concussion, resulting in medical bills to date in the amount of $498,249.26.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS JIMMY CHAPPELL AND KENNETH H. MALDONADO- LOPEZ
(Negligence)

8     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 7 in the Introductory Allegations.

9.     Defendants operated the vehicles in their charge in a reckless, careless and negligent manner and did so in such a fashion as to cause injuries and damages to Plaintiff.

10.     As a direct, immediate and proximate result of Defendants' negligent actions and/ or omissions, Plaintiff has been damaged.

11.     As a direct, immediate and proximate result of Defendants' negligence as stated above, Plaintiff has sustained severe injuries which said injuries are of a permanent nature and

which have caused Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

12. As a direct, immediate and proximate result of Defendants' negligence, Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

13. As a direct, immediate and proximate result of Defendants' negligence, Plaintiff has lost the ability to enjoy life as he did before the accident, has lost time, has suffered impaired earning capacity, economic losses and has lost time from work and has lost pay and salary.

14. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS JIMMY CHAPPELL AND KENNETH H. MALDONADO-LOPEZ
(Negligence Per Se)

15. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 14 in the Introductory Allegations and the First Claim For Relief.

16. Defendants operated the vehicles in their charge in violation of traffic laws of our State including, but not limited to, C.R.S. § 42-4-1401, § 42-4-1402, § 42-4-603 and § 42-4-1008.

17. At the time of the collision at issue in this suit, the Colorado Revised Statutes specifically set forth in the preceding paragraph were in effect.

18. A violation of these statutes constitutes negligence per se.

19. As a direct, immediate and proximate result of Defendants' negligence per se, Plaintiff has been damaged.

20. As a direct, immediate and proximate result of Defendants' negligence per se as stated above, Plaintiff has sustained severe injuries, which injuries are of a permanent nature and

which have caused Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

21. As a direct, immediate and proximate result of Defendants' negligence per se, Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

22. As a direct, immediate and proximate result of Defendants' negligence per se, Plaintiff has lost the ability to enjoy life as he did before the accident, has lost time, has suffered impaired earning capacity, economic losses, has lost time from work, and has lost pay and salary.

23. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

### **THIRD CLAIM FOR RELIEF AGAINST DEFENDANT LAND AIR EXPRESS, INC.**
(Negligent Entrustment)

24. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 23 in the Introductory Allegations and the First and Second Claims For Relief.

25. Defendant Land knew, or had reason to know, of the driving record and propensities of Defendant Chappell and the fact that Defendant Chappell had propensities to operate a motor vehicle in a negligent, careless and reckless fashion.

26. Defendant Land with said knowledge, or reason to have such knowledge, did entrust Defendant Chappell to a vehicle owned by Defendant Land, to operate on the roadways of the State of Colorado. The entrustment of the vehicle to be operated on the roadways of the State of Colorado with the knowledge of, or reason to have such knowledge of the driving record or the driving propensities of Defendant Chappell or without inquiring as to same, was negligent and careless.

27. As a direct, immediate and proximate result of Defendant Land's negligent actions and/ or omissions Plaintiff has been injured and damaged as identified as above.

28. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT LAND AIR EXPRESS, INC.
(Respondeat Superior)

29. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 28 in the Introductory Allegations and the First, Second and Third Claims For Relief.

30. At all times material hereto the Defendant Chappell was an agent of Defendant Land and was acting within the course and scope of his agency representation and/ or employment at the time of the subject accident.

31. Defendant Land is bound by the actions and/ or omissions of Defendant Chappell and is liable to the Plaintiff for his damages through the application of the Doctrine of Respondeat Superior.

32. As a direct, immediate and proximate result of the agent of Defendant Land's conduct, Plaintiff has been damaged as identified above.

33. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

WHEREFORE, on account of the matters set forth in the First and Second Claims For Relief, Plaintiff Robert Carnie, prays for a judgment in favor of the Plaintiff and against Defendant Jimmy Chappell in an amount which will fully compensate him for his injuries and damages in the

past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as he did before the accident, for property damage, for permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

WHEREFORE, on account of the matters set forth in the First and Second Claims For Relief, Plaintiff Robert Carnie, prays for a judgment in favor of the Plaintiff and against Defendant Kenneth H. Maldonado-Lopez in an amount which will fully compensate him for his injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as he did before the accident, for property damage, for permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

WHEREFORE, on account of the matters set forth in the Third and Fourth Claims For Relief, Plaintiff Robert Carnie, prays for a judgment in favor of the Plaintiff, and against Defendant Land Air Express, Inc., a Kentucky foreign corporation in an amount which will fully compensate him for his injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as he did before the accident, for property damage, for permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**

Respectfully submitted this 16th day of May, 2022.

          ANDERSON HEMMAT, LLC

          *s/ Chad P. Hemmat. Esq.*
          _____
          Chad P. Hemmat, Esq.
          5613 DTC Parkway, Suite 150
          Greenwood Village, Colorado 80111
          Phone Number:  303/782-9999
          Fax Number:  303/782-9996
          chad@andersonhemmat.com
          Attorney for Plaintiff

Plaintiff's Address:
6264 Montero Circle
Colorado Springs, Colorado 80915